UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                              Chapter 11

MISS AMERICA COMPETITION, LLC,                      CASE No.: 24-22288-EPK

    Debtor,
_____/

**INTERESTED PARTY ROBIN FLEMING'S
EMERGENCY MOTION TO DISMISS CHAPTER 11
BANKRUPTCY OF DEBTOR MISS AMERICA COMPETITION, LLC
AND FOR EMERGENCY INJUNCTIVE RELIEF**
[Emergency Hearing Requested]

**Statement of Exigent Circumstances**

Interested Party Robin Fleming respectfully requests the Court conduct an emergency hearing on this Motion. Miss America Competition, LLC ("MAC"), along with other related entities, owns and runs the Miss America Competition, the flagship event for which is scheduled to occur on January 5, 2025. Ms. Fleming is the sole owner, member and manager of Miss America Competition, LLC. Notwithstanding, the bankruptcy petition for Miss America Competition, LLC was purportedly "authorized" by Glenn F. Straub, who lacks any authority to act on behalf of MAC, as part of a "scorched earth" litigation strategy to attempt to sabotage the upcoming Miss America Competition and cause reputational harm to Ms. Fleming. Ms. Fleming requests an emergency hearing on the first date the Court's calendar will permit and requests that the Court waive the provisions of Local Rule 9075-1(B), requiring an affirmative statement that a bona fide effort was made in order to resolve the issues raised in this Motion, as the relief requested herein is urgent in nature and does not lend itself to advance resolution.

Interested party Robin Fleming ("Fleming"), pursuant to 11 U.S.C. §1112(b), Federal Rule of Bankruptcy Procedure 1017(f)(2), 9011, 9013, 9014, and Local Rules 9011-1 and 9075-1, files this Emergency Motion to Dismiss the Chapter 11 Bankruptcy (the "Motion") of the Debtor Miss America Competition, LLC, and, in support, states as follows:

## I. INTRODUCTION AND BACKGROUND

1. In approximately four weeks, thousands of people will head to Orlando, with hopeful young ladies and their families in attendance from across the country, to fulfill the chance of a lifetime to compete for the title of "Miss America," a title recognized across America and beyond for more than 100 years. The bad-faith bankruptcy filing for MAC orchestrated by Straub is designed solely to prevent the 2025 Miss America Competition from going forward and succeeding.

2. Fleming, a graduate of DePaul University, is a professional businesswoman with a lengthy relationship with the Miss America organization, including prior service as a Platinum Brand Sponsor and Designer, a holder of all Miss America Intellectual Property licenses, a producer and director of state pageants, and a licensed franchisee and director of Miss Florida USA.

3. Fleming, through various entities, purchased the Miss America assets on December 30, 2022, pursuant to an Asset Purchase Agreement.

4. Fleming created such entities, Florida LLCs, to acquire the assets. In particular, Fleming formed Miss America Pageant, LLC, by filing Articles of Organization on December 28, 2022, as its registered agent, manager, and only member. The principal place of business was her home address.

5. Fleming amended the Articles on January 6, 2023, to change the name from Miss America Pageant, LLC, to MAC, but the change was not effected until January 12, 2023.

6. As clearly reflected by the filings with the Florida Division of Corporations, Fleming was at the time of filing the articles, and has remained at all times since, the sole member,

manager, and owner of MAC. She has, for instance, filed every annual report for MAC since it was formed.

7. Notwithstanding Fleming's ownership, Straub has commenced a broad campaign to wrest control of Miss America from Fleming. As part of his campaign, Straub filed a lawsuit in April 2024 in Palm Beach County Circuit Court (Case No. 2024-CA-003851) (the "State Court Case") where he asserts ownership of Miss America entities (including "Miss America Competition**s**, LLC," a misspelling) and alleges Fleming breached her employment contract with him (which contract never existed).

8. This bad-faith Petition followed. Upon information and belief, the purpose of the Petition is to sow chaos and confusion so that the Competition does not take place in the hopes of bankrupting Miss America, which is otherwise not subject to financial distress.

9. Fleming has responded to Straub's allegations in the State Court Case and will supplement this filing with a further description of facts and circumstances relevant to this proceeding as may be necessary or appropriate.

10. If left to his own devices, Straub will be unconstrained in seeking to take further action to cause harm to MAC, the other Miss America affiliates, and to Fleming, including disruption of the Competition itself, all without any legitimate authority to act on behalf of MAC.

## II. ARGUMENT

### A. Legal Standard

Pursuant to Section 1112(b) of the Bankruptcy Code, "on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested dismissal is not in the best interests of creditors and the estate, the court shall…dismiss or convert a case under this chapter… if the movant establishes cause." 11 U.S.C.

§1112(b); *see also Albany Partners, Ltd. v. Westbrook (In re Albany Partners, Ltd.)*, 749 F.2d 670, 674 (11th Cir. 1984) (noting that, in addition to factors listed in Section 1112(b), it was appropriate in using its equitable powers to reach the appropriate result to consider factors relevant to individual cases other than those expressly listed in Section 1112). "Cause" for dismissing a case under § 1112(b) includes a debtor's lack of good faith in filing. *Id*. Indicative of lack of good faith in filing is a debtor's intent to abuse the judicial process and the purposes of the reorganization provisions, "particularly when there is no realistic possibility of an effective reorganization." *Id*.

  **B.**  **Analysis**

    **1. Straub Was Not Authorized to File the Chapter 11 Bankruptcy**

  Whether a bankruptcy filing is authorized depends on applicable state law and the unique facts of each case. *In re H & W Food Mart, LLC*, 461 B.R. 904, 907 (Bankr. N.D. Ga. 2011). When a bankruptcy petition is filed without the requisite authority, dismissal is mandated. *In re In re Minor Emerg. Ctr., Inc.*, 45 B.R. 310, 311-12 (Bankr. S.D. Fla. 1985) (dismissing case filed without the requisite authority provided in the governing documents); *In re Am. Int'l Indus., Inc.*, 10 B.R. 695, 696-97 (Bankr. S.D. Fla. 1981) (dismissing case filed by corporate president without specific resolution of board of directors authorizing such action as required by state statute); *In re Bel-Aire Inv., Inc.*, 97 B.R. 88, 90 (Bankr. M.D. Fla. 1989) (same); *Al-Wyn Food Dist., Inc.*, 8 B.R. 42, 43 (Bankr. M.D. Fla. 1980) (same).

  Here, there can be no dispute that Fleming, as MAC's sole member, did not authorize the filing of this bankruptcy case and, thus, this Case should be dismissed. Florida's revised limited liability law instructs who has the authority to act on behalf of MAC, including with respect to commencing a bankruptcy case. Pursuant to Section 605.04073 of the Florida Statutes: "[e]xcept as otherwise provided in this chapter, the affirmative vote or consent of a majority-in-interest of

the members is required to undertake an act...outside the ordinary course of the company's activities and affairs, including a transaction under ss. 605.1001-605.1072" for both member-managed and manager-managed limited liability companies. The decision to file bankruptcy is an act outside of the ordinary course of any business. *In re Zaragosa Properties, Inc.*, 156 B.R. 310, 313 (Bankr. M.D. Fla. 1993) ("Certainly, filing a Petition for Relief under Title 11 is not the ordinary course of anyone's business.").

Notably, nothing filed in this Case suggests that Straub has *any* authority to act on behalf of MAC, much less to commence this Case. To the extent Straub seeks to rely on a Purported Operating Agreement for MAC, the evidence will show that Straub fraudulently created that document well after the entities were created and that the document was not signed or in any way authorized by Fleming. Straub did not file, nor is there, any membership agreement between Fleming, the sole "authorized representative" at the formation of Miss America Pageant, LLC, which name was changed to Miss America Competition, LLC, on January 12, 2023, and Straub, the person claiming to be a "member", as required by Section 605.0401(1), Florida Statutes. The corporate records for MAC publicly filed with the Florida Division of Corporations (of which the Court can and is requested to take judicial notice) clearly show that Fleming was the "authorized representative" at the time of the LLC's formation. The Purported Operating Agreement, signed only by Straub, and not Fleming, the sole "authorized representative," is, on its face, insufficient to grant Straub any authority to act on behalf of MAC. Thus, even under the language of the fraudulently created Purported Operating Agreement, Straub is required to produce an agreement signed by Fleming, which he cannot do since no such agreement exists.

The bottom line is that the only one with the requisite authority to commence any bankruptcy proceeding for MAC was and is Fleming, and she provided no such authority.[1]

### 2. MAC Was Not Subject to Legitimate Financial Distress

Bad faith, or lack of good faith, on behalf of a debtor in filing for Chapter 11 relief constitutes "cause" for dismissal of a bankruptcy case. 11 U.S.C. § 1112(b). The test for whether a chapter 11 petition should be dismissed as a "bad faith" filing is whether there is "the presence [or absence] of the honest intention of the debtor, the actual need [i.e., financial distress], and the ability to effectuate the aim of the reorganization." *In re Serfass*, 325 B.R. 901, 906 (Bankr. M.D. Fla. 2005) (quoting *In re Julius Roehrs*, 115 F.2d 723 (3d Cir. 1940). Although analysis of financial distress is a fact-specific inquiry (*see In re Rent-A-Wreck of Am., Inc.*, 580 B.R. 364, 375 (Bankr. D. Del. 2018)), the facts here will demonstrate that financial distress was not a factor motivating the unauthorized petition filed by Straub.

### C. Request for Injunctive Relief

As set forth above, the Miss America Competition will take place on January 5, 2025. Having not found success in the State Court Case that Straub had hoped for, he has now orchestrated this unauthorized bankruptcy filing to seek to derail that which he cannot legitimately control. Left to his own devices, Straub will be unconstrained in seeking to take further action to keep the Miss America Competition from proceeding, and succeeding, all without any legitimate authority to act on behalf of MAC. For these reasons, and those discussed above, Fleming respectfully requests that the Court enter an immediate temporary injunction precluding Straub

---

[1] There are additional facts, decisional and statutory law, and arguments that further support that Straub lacked and currently lacks any authority to act on behalf of MAC, and Fleming reserves the right to supplement or amend this Motion with respect to such. Fleming further reserves all rights with respect to seeking sanctions and attorney's fees and costs associated with this proceeding.

from taking any actions on behalf of (or against) MAC or any of its affiliates or Fleming, or making any representations to any third parties as a purported owner, control person, member or agent of MAC or any of its affiliates, pending the adjudication by this Court of Straub's authority to have commenced this proceeding.

### III. CONCLUSION

**WHEREFORE**, for the reasons stated herein, Fleming respectfully requests that the Court consider the relief requested herein on an emergency basis, enjoin Straub pending the Court's adjudication of this Motion, and grant the dismissal of this proceeding and such other and further relief the Court deems warranted, including costs and fees.

Dated: November 25, 2024

Respectfully submitted,

**CARLTON FIELDS, P.A.**

*/s/ David L. Gay*
David L. Gay, Esq.
Florida Bar No. 839221
Email: dgay@carltonfields.com
2 MiamiCentral
700 NW 1st Avenue
Suite 1200
Miami, Florida 33136-4118
Telephone: (305) 530-0050
Facsimile: (305) 530-0055

and

Gene Rossi (*pro hac vice* requested)
Email: grossi@carltonfelds.com
Justin Chretien (*pro hac vice* requested)
Email: jchretien@carltonfelds.com
1025 Thomas Jefferson St., NW
Suite 400
Washington, D.C. 20007
Telephone: (202) 965-8113

and

Ilan A. Nieuchowicz
Florida Bar Number 0037156)
CityPlace Tower, Suite 1200
525 Okeechobee Boulevard
West Palm Beach, FL  33401-6350
inieuchowicz@carltonfields.com

*Attorneys for Robin Fleming*

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was served electronically upon all parties registered to receive electronic notices via the Court's CM/ECF System on November 25, 2024.

>  */s/ David L. Gay*
>  David L. Gay